ative to the issue, and whether he had or had not escaped from the military service of a foreign goverament cannot affect his veracity as a witness in our courts. If the inquiry was intended to draw from the witness an account of his antecedent life it was subject to the sound discretion of the Court, and the witness was fully questioned on that point.

---

## ADDISON OSBORNE vs. JOHN C. FORSHEE.

Where the alleged slanderous words are set out in a declaration in an action for slander, it is error to permit counsel to read to the witness for plaintiff the words in the declaration and then to ask him in relation thereto.

Where defendant in an action for slander, had, while a witness in another cause, admitted in answer to a specific question the use of the slanderous words imputed to him, to the plaintiff, *Held*, That such admission should not be given in evidence against him.

Error to Washtenaw Circuit.

*Opinion by* GRAVES, J.—Forshee having sued Osborne for verbal slander and recovered judgment, the latter complains of several rulings made upon the trial. The ground of action, as stated in the declaration, was that Osborne, " in hearing of divers persons, falsely and maliciously uttered of and to the plaintiff the following false words : ·" You are an old thief and swore to a lie, and I can prove it by Sunberg; I can prove it by Bunce's docket." When plaintiff was on the stand as a witness his counsel read to him the statement in the declaration relative to Bunce's docket and then asked him if there was anything said about Bunce's docket. This was objected to as incompetent, but the objection was overruled.

*Held*, That the Court erred in admitting the testimony in that shape. By allowing the paragraph in the declaration to be read as an introduction to the question put to the party, the Court, in substance permitted the plaintiff's counsel, under the guise of an examination of the plaintiff himself, to make known to the latter the very facts which the form of the declaration required to be shown and which his counsel wished to find asserted in and by the answer to be given.

Plaintiff was further permitted to show, under objection, that on

a trial before one Justice Palmer, the defendant, while being examined as a witness, testified in answer to a specific question, that he · had told Forshee that he had sworn to a lie and that he, (Forshee) could prove it from Bunce's docket.

*H.ld,* That the evidence was improperly admitted: Defendant's evidence elicited in the case before Palmer was so far privileged as ito preclude plaintiff below in this case from using it as an admission of the slander imputed.

*Held, also,* That ,the objection to evidence of the · defamatory words on the asserted ground that the declaration does not allege that they were spoken of and concerning the plaintiff, cannot prevail. The averment is not what the objection assumes it to be.

The judgment below must be reversed with costs and a new trial ordered.

---

THE PEOPLE *vs.* MICHAEL ·NOLAN, WM. ROGERS AND PETER NICAISE.

Burglary.—Entry through grating over an excavation adjoining a cellar window.

Error to the Recorder's Court of Detroit.

*Opinion by* CHRISTIANCY, J·—Defendants were tried in the Recorder's Court of Detroit upon an information charging them with having broken and entered the store or shop of one Murray, in the night time with intent, etc. · The evidence tended to prove the larceny in the store. and that the defendant entered in the night time through an area outside of the cellar which would seem to have been excavated adjoining the cellar window, and which was covered· with an iron grating as is usual in such cases, the defendants raising the grating for that purpose, then passing . through the window which was not shown to have been shut at the time, into the. cellar and thence up a stairway through a trap door, which was shut, into the store. It was objected in the Court below, and this is the principal objection urged here, that this did not constitute a breaking within the meaning of Sec. 5756, *C. L. ;* but that the only breaking shown was an interior breaking of the trap door, after getting into the cellar, and that such interior breaking does not come within the provisions of this section, as it would in the case of a dwelling house at common law.

· *Hel l,* That · the area or excavation in front of the window covered and protected by the iron grating should properly be considered as part of the cellar, and the grating as part of the window. Therefore the taking up of the grating constitutes an exterior breaking as clearly as the opening of the window itself, or of an outer door